Maxine McCANTS, as Administratrix of the Estate of John C. McCants, deceased, Plaintiff,

v.

ALCOA STEAMSHIP COMPANY, a corporation, A/S IVARANS REDERI and the SS SNEHOLT, Individually and jointly, Defendants,

v.

AETNA CASUALTY & SURETY COMPANY and Alabama State Docks & Terminals, Third-Party Defendants.

Civ. A. No. 6719–71.

United States District Court,
S. D. Alabama, S. D.

Aug. 22, 1972.

Richard Bounds, Mobile, Ala., for plaintiff.

John Hance, New York City, John H. Tappan, Mobile, Ala., for defendants.

James J. Duffy, Jr., Mobile, Ala., for third-party defendant Aetna Casualty.

Barry Hess, Mobile, Ala., for third-party defendant Alabama State Docks.

DANIEL HOLCOMBE THOMAS, District Judge.

This matter comes before the Court on Motion for summary judgment filed by the defendants Alcoa Steamship Company and A/S IVARANS REDERI, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The Court after examining the pleadings, affidavits, and briefs submitted, is of the opinion that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. In granting the motion for summary judgment, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. This is an action, in admiralty, by Maxine McCants, as administratrix of the Estate of John C. McCants, deceased, against Alcoa Steamship Company, a corporation (hereafter "Alcoa") and again A/S IVARANS REDERI (hereafter "IVARANS") seeking to recover, from those defendants, damages arising out of the death of plaintiff's intestate, John C. McCants, which occurred on March 18, 1971.

2. Although the SS SNEHOLT is named also as a defendant, the record does not disclose that that vessel has ever been seized, nor does the complaint, or the complaint as amended, seek seizure of that vessel.

3. Defendants Alcoa and IVARANS have appeared and answered; by a third-party complaint, they have made Aetna Casualty & Surety Company, an insurance company and the Alabama State Docks & Terminals, third-party defendants; said third-party defendants have appeared and are proper parties to this action.

4. Under the pleadings, defendant and third-party plaintiff IVARANS was the owner, and Alcoa was the time charterer of the SNEHOLT at the relevant times in question. Under the terms of the affidavit of J. T. Drake, on file in this cause, Alcoa was a time charterer of the SNEHOLT, at the time in question, under the terms of a New York Produce Exchange Time Charter Party dated at New York, New York on the 20th day of May, 1970.

5. The facts involved in the accident and death of plaintiff's intestate are shown in the testimony on file obtained from L. V. Stokely, Travis Plant, and Rodney Giles and are in essence, as follows:

A. On March 18, 1971, the SNEHOLT was docked at the Bulk Material Handling Plant, a part of the facilities of the Alabama State Docks & Terminals, a Department of the State of Alabama. By use of shore cranes operating grabs or clam shells, all belonging to and operated by the Alabama State Docks & Terminals, the cargo of the SNEHOLT was being discharged.

B. During the discharging operation, the clam shell on the crane being operated by Travis Plant, an employee of the

**354**

Alabama State Docks & Terminal, became defective. The clam shell was moved by Plant to a position on the dock or the pier, or on the shoreside of the dock or pier, all belonging to the Alabama State Docks & Terminals, and a request was made that the clam shell be repaired.

C. Pursuant to this request, one Joe Hamilton and his assistant, plaintiff's intestate, started work on the repair of said claim shell. Both the said Hamilton and plaintiff's intestate were, at the time in question, employees of the Alabama State Docks & Terminals and it was part of their duties to carry out just such repairs as were needed at the time.

D. In the course of the repairs, Travis Plant was requested to raise the clam shell, with the crane he was operating, a short distance; by reason of some defect in the crane, the clam shell was raised by the crane much higher than had been desired.

E. By reason of the clam shell being raised higher than intended, a forklift truck was knocked over or pulled over, falling on plaintiff's intestate, causing his death.

6. The crane involved, the clam shell involved, and the forklift truck involved were all equipment belonging to and maintained and operated by the Alabama State Docks & Terminals. Neither the SNEHOLT, her master, her crew, her owners or agents had any control, authority, or responsibility over, the said crane, clam shell or forklift, or the management and maintenance of them.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action and the parties hereto under the terms of Title 28, Section 1333, United States Code.

2. There exists no responsibility or liability on the part of Alcoa Steamship Company, Inc., as time charterer in the situation described. Ove Skou v. Hebert, 365 F.2d 341, (5 Cir. 1966).

3. The facts as shown are indistinguishable from the factual situation considered by the Supreme Court of the United States in Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L. Ed.2d 383, decided December 13, 1971.

It is therefore ordered, adjudged and decreed that the motion for summary judgment filed by the defendants, Alcoa Steamship Company, Inc. and S/S IVARANS REDERI, should be and the same hereby is granted.

This Conclusion renders unnecessary a decision of other motions pending before this Court filed by the third-party defendant.

Plaintiff's suit is dismissed with prejudice. No further costs to be taxed.